Filed 6/29/26  P. v. Caballero CA4/2

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E086961 |
| v. | (Super.Ct.No. BLF2300082) |
| JOSE ANTHONY CABALLERO, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Arthur C. Hester, Judge.

Affirmed with directions.

Joshua Peter Visco, under appointment by the Court of Appeal, for Defendant and

Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney

General, Arlene A. Sevidal, Assistant Attorney General, Donald W. Ostertag and Anne

Spitzberg, Deputy Attorneys General, for Plaintiff and Respondent.

1

Defendant and appellant Jose Anthony Caballero pled guilty to felon in possession of a firearm, and unlawfully carrying a firearm with intent to commit a felony and was sentenced to 24 months probation. Upon defendant's violation of the terms of his probation, the trial court sentenced defendant to two years state prison on each count, with the terms to be run concurrently. Defendant alleges that the trial court's sentencing order violates Penal Code section 654,[1] as both counts arise from the same act of possessing and carrying a firearm.

The People concede this error, and we agree. We order that the case be remanded to the trial court for resentencing pursuant to section 654.

## FACTUAL AND PROCEDURAL HISTORY

The record on appeal does not reflect any factual background of the charges against defendant beyond that set forth in the felony complaint. The felony complaint sets forth that on or about April 4, 2023, defendant owned, possessed, and carried a loaded firearm while being addicted to the use of any narcotic drug and having previously been convicted of a felony. As relevant to this appeal, defendant was charged pursuant to section 29800 for owning and having possession of a firearm while addicted to the use of a narcotic drug and having a prior felony conviction (Count 1) and section 25800 for carrying a loaded firearm with the intent to commit a felony (Count 2).

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

On July 11, 2023, defendant pled guilty to all counts and was granted 24 months of formal probation.  The parties stipulated to the factual basis for all counts to effectuate the plea.

On September 20, 2024, after defendant admitted to being in violation of probation, the trial court sentenced him to two years state prison, concurrently, for each of Count 1 and Count 2.  The court suspended the sentence, however, and reinstated probation with orders that defendant attend 60 days of inpatient treatment as an additional condition of his probation.

On August 26, 2026, the trial court found defendant to be in violation of the terms of his probation and imposed two years in state prison.  Defendant timely appealed.

## DISCUSSION

Section 654, subdivision (a), provides in relevant part:  "An act or omission that is punishable in different ways by different provisions of law may be punished under either of such provisions, but in no case shall the act or omission be punished under more than one provision."

There is no dispute between the parties, and we agree, that both Count 1 and Count 2 are premised on the same "act" by defendant of owning, possessing, and carrying a firearm on or about April 4, 2023, and that "a single possession or carrying of a single firearm on a single occasion may be punished only once under section 654." (*People v. Jones* (2012) 54 Cal.4th 350, 357.)  Where, as here, the facts are undisputed, we review *de novo* the application of section 654 as a question of law.  (*People v. Corpening* (2016) 2 Cal.5th 307, 312.)

3

Defendant requests that the matter be remanded to the trial court for resentencing, whereas the People request that this court exercise its authority to modify the judgment pursuant to section 1260 to avoid remand. The record is inadequate for us to determine which sentence the trial court would have stayed if it considered section 654, making section 1260 relief inappropriate. We will remand to the trial court so that it may exercise its discretion to determine which sentence to stay. (*People v. Braxton* (2004) 34 Cal.4th 798, 818–819 ["A limited remand is appropriate under section 1260 ... for the exercise of any discretion that is vested by law in the trial court"].)

Section 1260 provides in relevant part that the appellate court may "reverse, affirm, or modify a judgment or order appealed from … and may set aside, affirm, or modify any or all of the proceedings subsequent to, or dependent upon, such judgment or order." Although section 1260 provides this court with the broad ability to modify judgments or proceedings, "we exercise this power sparingly for ... the trial court's articulated discretion is, generally speaking, controlling." (*People v. Humphrey* (1997) 58 Cal.App.4th 809, 813.)

Where the reviewing court finds an error in the exercise of sentencing discretion, "the ordinary remedy ... is to reverse and remand to the trial court for resentencing, during which the trial court will have a new opportunity to exercise its discretion .... [T]he law respects the substantial discretion vested in the trial court to determine the appropriate sentence in light of the facts and circumstances of the individual case." (*People v. Dain* (2025) 18 Cal.5th 246, 261.) Modification of the judgment instead of

4

remand for resentencing matters would be appropriate "[w]hen a trial court's intention is clear."  (*People v. Mendoza* (2016) 5 Cal.App.5th 535, 539.)

Although the previous version of section 654 provided that an act or omission shall be punished under the longest potential term of imprisonment, effective January 1, 2022, section 654 was revised to "provide[] the trial court with discretion to impose and execute the sentence of either term."  (*People v. Mani* (2022) 74 Cal.App.5th 343, 379.) Thus, where section 654 applies, "after determining which sentence to execute, courts must impose a sentence on the other count to which Penal Code section 654 applies and then *stay execution of that sentence*."  (*Mani*, at p. 380.)

The People cite to *People v. Alford* (2010) 180 Cal.App.4th 1463, 1473 (*Alford*) in support of the proposition that the reviewing court may modify the trial court's sentence to correct a section 654 violation where "futility and expense" weigh against remand. We acknowledge that defendant's actual prison time will not be affected regardless of whether Count 1 or Count 2 is stayed because the court sentenced defendant to identical concurrent terms on Count 1 and Count 2.  However, *Alford* was decided under the prior version of section 654, pursuant to which the trial court did not have any discretion with respect to selection of the term that would be executed or stayed.  The reviewing court in *Alford* needed only to issue and stay a sentence, which it could determine from the record was "undoubtedly the sentence the trial court would have imposed." (*Alford*, at p. 1473.) No discretionary decisions were required of the reviewing court in *Alford*, and the court had an adequate indication of the trial court's intent so that it could modify the judgment to match that intent.

5

In this instance, the record does not present any indication as to which sentence the trial court would have stayed if it had considered the effect of section 654. It is true, as the People note, that the September 20, 2024, minute order states "Principal Count Deemed to be Count 01." The August 26, 2025, minute order states the same, as does the abstract of judgment.

The reporter's transcript, however, contains no record of such a designation of a principal count by the trial court. Where a conflict exists between the court's oral pronouncement and the minute order or abstract of judgment, the oral pronouncement controls. (*People v. Walz* (2008) 160 Cal.App.4th 1364, 1367, fn. 3.) Moreover, because the trial court ordered that all sentenced terms would run concurrently, there was no reason to designate a "principal count" or "principal term" as would be the case if the terms were to be run consecutively. (Cf. § 1170.1, subd. (a) [determination of a principal term arises where "a consecutive term of imprisonment is imposed"].) Thus, there is nothing in the record upon which we may rely to determine which sentence the trial court would stay, and we will not substitute our discretion in place of the trial court's.

**DISPOSITION**

The case is remanded to the trial court for resentencing for the limited purpose of resentencing on Count 1 and Count 2 consistent with section 654. Following resentencing, the trial court is directed to prepare an amended abstract of judgment and to

forward a certified copy of the amended abstract to the Department of Corrections and Rehabilitation.  (§§ 1213, 1216.)  In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER _____
                                                                                                        J.

We concur:

McKINSTER _____
                    Acting P. J.

LEE _____
                    J.